E-FILED
Friday, 07 March, 2008   04:23:04 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| XAVIER KAKKANATHU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 05-1337 |
| | ) |
| ROHN INDUSTRIES, INC. | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant Rohn Industries, Inc.'s Motion for Summary Judgment against Plaintiff Xavier Kakkanathu pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Motion for Summary Judgment [#21] is GRANTED IN PART AND DENIED IN PART.

### JURISDICTION

The Court has original jurisdiction over the case pursuant to 28 U.S.C. § 1331 because the claims asserted in the Complaint arise under Title VII, 42 U.S.C. § 2000e *et seq.* (Title VII), 42 U.S.C. § 1981, and the Age Discrimination in Employment Act, 29 U.S.C. § 626 *et seq.* (AEDA).

### BACKGROUND

Rohn Industries, Inc. (Rohn), then UNR-Rohn Industries, hired Xavier Kakkanathu in 1978 as a project engineer designing towers and tower foundations. He held that position until 1986 when he was promoted to the position of Manager of

Foundation Design, which involved designing complicated tower foundations, reviewing foundation designs of other engineers, and approving all foundation design changes. He held the Manager position for ten years until he became Administrator of Foundation Design, which involved similar job responsibilities in addition to training other engineers and aiding the automation of foundation design through computer technology. Throughout his employment, Kakkanathu received satisfactory performance reviews.

Beginning in 2000, Rohn experienced an economic downturn and consequently implemented reductions in force. Initially these reductions did not impact the Engineering Department because Rohn hoped that business would turn around, and engineers are difficult to find and train. However, in 2001, reductions affected the Engineering Department. In November of 2001, Kakkanathu's position of Foundation Administrator was eliminated. Kakkanathu was offered the option to transfer out of Engineering to the Construction Department, which also was experiencing a decreased workload, or to be terminated. Kakkanathu chose the transfer. On January 4, 2002, Kakkanathu and several other employees in the Construction Department were terminated. Business continued to decrease, and one year after Kakkanathu's termination, the Construction Department consisted of two employees. When Rohn declared bankruptcy in September 2003, nineteen employees remained in the Peoria facility.

Kakkanathu, a sixty-one-year-old Asian-American, timely filed a complaint with the Equal Employment Opportunity Commission (EEOC) alleging race and age discrimination. In September 2003, and while the complaint was pending with the EEOC, Rohn filed for bankruptcy protection. When the EEOC issued its Right to Sue

letter in September 2004, the bankruptcy automatic stay was in effect and remained in effect throughout the ninety-day limitations period. In May 2005, Kakkanathu moved the bankruptcy court to grant relief from the automatic stay so his claims could be litigated in district court. The bankruptcy court granted relief from the automatic stay on August 5, 2005.

On November 2, 2005 (eighty-nine days later), Kakkanathu filed this action pursuant to Title VII, 28 U.S.C. § 1981, and the AEDA, alleging that Kakkanathu's termination was based on age, race, and national origin discrimination. Rohn moved for Summary Judgment contending that (1) Kakkanathu's claims were barred by the statute of limitations, and (2) Kakkanathu presented no evidence of race, national origin, or age discrimination by Rohn. This motion now is fully briefed, and oral arguments were presented to the Court. This Order follows.

## STANDARD OF REVIEW

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party must demonstrate, through portions of the record or affidavits, the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986). Any doubt about the existence of a genuine issue for trial is resolved against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505 (1986); *Cain v. Lane*, 857 F.2d 1139, 1142 (7th Cir. 1988).

If the moving party meets its burden, the non-moving party then must present specific facts demonstrating a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348 (1986). Rule 56(e) requires the non-moving party to go beyond the pleadings and make specific factual allegations demonstrating a genuine issue for trial. *Celotex*, 477 U.S. at 324, 106 S. Ct. 2548; *Holland v. Jefferson Nat'l Life Ins. Co.*, 883 F.2d 1307, 1312 (7th Cir. 1989). Nevertheless, the Court must "view the record and all inferences drawn from it in the light most favorable to the [non-moving party]." *Holland*, 883 F.2d at 1312. The Court must deny summary judgment if a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248, 106 S. Ct. 2505; *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir. 1995).

**DISCUSSION**

I. Claims under Title VII and the ADEA

    A. Waiver of Statute of Limitations Defense

Kakkanathu argues that Rohn waived its statute of limitations defense by raising that defense for the first time in its Motion for Summary Judgment.

A defendant "shall set forth affirmatively . . . statute of limitations . . . and any other matter constituting an avoidance or affirmative defense" in its Answer to the Complaint. Fed. R. Civ. P. 8(c). Generally, failure to plead a defense results in its waiver. *Pinto Trucking Serv., Inc. v. Motor Dispatch, Inc.*, 649 F.2d 530, 534 (7th Cir. 1981); *see also Johnson v. Sullivan*, 922 F.2d 346, 355 (7th Cir. 1990) (holding that failure to raise the statute of limitations defense in answer constituted waiver).

However, the Seventh Circuit also stated that "delay in asserting an affirmative defense waives the defense only if the plaintiff was harmed as a result." *Curtis v. Timberlake*, 436 F.3d 709, 711 (7th Cir. 2005). In *Curtis*, the Court of Appeals affirmed the district court's permitting the affirmative defense to be raised for the first time at summary judgment. *Id.* "[W]here the plaintiff has an opportunity to respond to a late affirmative defense, he cannot establish prejudice merely by showing that the case has progressed significantly since the defendants answered his complaint." *Williams v. Lampe*, 399 F.3d 867, 871 (7th Cir. 2005).

Kakkanathu cites *Venters v. City of Delphi*, 123 F.3d 956 (7th Cir. 1997), to support his position that Rohn waived its statute of limitations defense. In *Venters*, the district court allowed the defendant to assert a statute of limitations defense for the first time in the Reply memorandum in support of its Motion for Summary Judgment, thus precluding the plaintiff from responding to the defense. *Id.* at 968. The plaintiff received a copy of the Reply on the morning of oral arguments on the Motion for Summary Judgment, one month before the scheduled trial date. *Id.* The Court of Appeals reversed stating that the plaintiff had been "bushwhacked" because the defendants "deprived [her] of any reasonable opportunity to address that defense." *Id.*

Unlike the plaintiff in *Venters*, Kakkanathu is not the victim of an eleventh-hour surprise. Although it may have been preferable for Rohn to have asserted its statute of limitations defense in it answer, its failure to do so did not prejudice Kakkanathu. Rohn did not, as in *Venters*, assert the defense in its Reply brief; rather, Rohn asserted the limitations defense in its Motion for Summary Judgment, and Kakkanathu devoted several pages of his Response urging the Court to reject it. (Pl. Resp. at 12-16.)

Kakkanathu argues only that the case has progressed significantly and that discovery was unnecessary to uncover this defense. Accordingly, based on the standard set forth in *Curtis* and *Williams*, Kakkanathu has not established prejudice because he had ample opportunity to respond to the statute of limitations defense. The Court therefore concludes that Rohn did not waive its statute of limitations defense by raising it for the first time in its Motion for Summary Judgment rather than in its Answer.

    B.  Statute of Limitations

It is well-established that a plaintiff must file an action for discrimination within ninety days of receiving a Right-to-Sue letter from the EEOC, absent special circumstances. *See Velasco v. Ill. Dep't of Human Serv.*, 246 F.3d 1010, 1018 (7th Cir. 2001). Here, however, Rohn was in bankruptcy[1] when Kakkanathu received his Right-to-Sue letter from the EEOC on September 29, 2004. Rohn remained in bankruptcy throughout the subsequent ninety days. Therefore, the automatic stay provisions of 11 U.S.C. § 362 prevented any judicial proceeding or other act against Rohn that could have been commenced before the filing of the bankruptcy petition or to recover a claim against Rohn that arose before the filing of the bankruptcy petition. Neither party disputes that Kakkanathu was barred from initiating any action against Rohn during the ninety days following the receipt of his Notice of Right to Sue from the EEOC.

Section 108 of the Bankruptcy Code provides for an extension of certain non-bankruptcy statutes of limitations that expired while the automatic stay was pending. In relevant part, the section states:

> [I]f applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for

---

[1] Case No. 03-17287 (S.D. Ind.).

> commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor . . ., and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of –
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
> (2) 30 days after notice of the termination or expiration of the stay . . . with respect to such claim.

11 U.S.C. § 108(c).

In this case, the bankruptcy court lifted the stay on August 5, 2005. Rohn argues that, under § 108(c), Kakkanathu had thirty days to file his suit. Kakkanathu argues that he had ninety days in which to file suit because the bankruptcy court, in lifting the stay and authorizing the commencement of a discrimination suit "in accordance with the Right to Sue Letter," allowed a ninety-day window in which to file the claim. (Pl. Resp. at 14.) In effect, Kakkanathu argues that the bankruptcy stay suspended the ninety-day filing period, and that once the stay was lifted, the entire ninety-day filing period survives.

Although section 108(c)(1) refers to "suspension" of time limits, this section "does not operate in itself to stop the running of a statute of limitations; rather, this language merely incorporates suspensions of deadlines that are expressly provided in *other* federal or state statutes." *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1073 (2d Cir. 1993) (emphasis in original). The *Aslanidis* court suggests that "if Congress had intended for § 108(c) to operate as a tolling provision it would have expressly provided for such a suspension of time limits." *Id.* (*citing Grotting v. Hudson Shipbuilders, Inc.*, 85 B.R. 568, 569 (W.D. Wash. 1988)). Addressing the policy behind the interpretation that §

108(c)(1) does not act as a tolling provision, the *Grotting* court states this interpretation "comports best with expeditious and fair administration" because:

> The parties have more certain knowledge of when claims will expire, and the potential claims period is not unduly extended because of the length – which may be great in complex cases – of the bankruptcy proceedings.

*Grotting*, 85 B.R. at 570. Although the Seventh Circuit has not directly addressed this issue, at least one bankruptcy court in the Seventh Circuit similarly applied *Aslandis*. *See, e.g.*, *In re Confidential Investigative Consultants, Inc.*, 178 B.R. 739 (Bankr. N.D. Ill. 1995).

Kakkanathu was not caught offguard when the thirty-day limitations period began because he applied to the bankruptcy court for relief from the automatic stay. Kakkanathu set the clock ticking. Therefore, it is inappropriate from him to declare that he was prevented from exercising his rights.

C. Equitable Relief to the Statute of Limitations

Kakkanathu next argues that the Court should exercise its equitable powers to toll the limitations period beyond that provided by § 108(c). Kakkanathu correctly argues that there is nothing in the language of § 108(c) preventing this Court from further tolling of the limitations period. The absence of language, however, does not mean that equitable tolling is appropriate under the circumstances of this case.

Generally, equitable tolling of the limitations period in job discrimination cases is exercised sparingly when the plaintiff has either (1) made a good faith error (for example, brought the suit in the wrong court) or (2) has been prevented from filing in an extraordinary way (for example, adversary misconduct). *Threadgill v. Moore U.S.A.,*

*Inc.*, 269 F.3d 848, 850 (7th Cir. 2001).  In other words, "a person is not required to sue within the statutory period if he cannot in the circumstances reasonably be expected to do so."  *Cent. States, S.E. & S.W. Areas Pension Fund v. Slotky*, 956 F.2d 1369, 1376 (7th Cir. 1992).  The *Threadgill* Court states that the plaintiff must actively pursue judicial remedies, and it suggests that a failure to file timely is not an active pursuit of judicial remedies and therefore not a good faith error.  *Threadgill*, 269 F.3d at 850.

In this case, the suit was not brought in the wrong court.  In fact, Kakkanathu acknowledged and argued that this was the proper court in his arguments for relief from the automatic stay before the bankruptcy court.  Additionally, there is no evidence of misconduct by Rohn preventing Kakkanathu from filing within the statutory period.  Finally, this is not a case involving an unsophisticated pro se filer, for whom the Court may forgive late filing, because Kakkanathu was represented by counsel when the bankruptcy stay was lifted and when the suit was filed.  *See Husch v. Szabo Food Serv. Co.*, 851 F.2d 999, 1002 (7th Cir. 1988) ("The statutory schemes of both the ADEA and Title VII are designed to allow laymen to initiate the process unassisted by lawyers."); *Stearns v. Consol. Mgmt., Inc.*, 747 F.2d 1105, 1112 (7th Cir. 1984) ("Under the ADEA the wheels of justice are set in motion by laymen, and we are loath to adopt a reading of the ADEA that makes this task any more difficult than it already is.").  Kakkanathu demonstrates that he diligently pursued this claim at least until its filing in this Court by timely filing with the EEOC and requesting relief from the bankruptcy court.  However, the lack of timeliness in filing in this Court apparently resulted from a failure to research the applicable bankruptcy statutes.  Accordingly, the Court finds that Kakkanathu did not

diligently and promptly file his suit in this Court, and the Court finds that Kakkanathu's failure to file timely did not result from a good faith error.

Kakkanathu further argues that in requesting relief from the automatic stay, Kakkanathu requested a ninety-day period in which to file his claim. However, this statement is belied by Kakkanathu's pleadings in the bankruptcy court, oral arguments on the motion, and the bankruptcy court's order, none of which mentioned a ninety-day period for filing. At oral argument, Plaintiff's counsel argued that the ninety-day period was "implied" in the bankruptcy court pleadings, argument, and Order. The Court finds this argument without merit.

Accordingly, the Court finds that the totality of the circumstances weigh against equitable tolling in this case.

Kakkanathu also argues that Rohn either waived or should be equitably estopped from relying on the statute of limitations as an affirmative defense. Kakkanathu argues that when Rohn acquiesced in a hearing before the bankruptcy court to proceed with this suit in this Court, Rohn implicitly waived any defense based on the statute of limitations, or, alternatively, should be estopped from asserting the defense.

The Court finds no waiver because at no time during the hearing before the bankruptcy court did Rohn reference a statute of limitations or acquiesce to anything more than the venue for the job discrimination suit.

A court applies equitable estoppel when a defendant "conceals vital information about the existence of a plaintiff's claim or makes representations to the plaintiff causing it to delay bringing the claim." *Chapple*, 178 F.3d at 506. The plaintiff's failure to file timely must have been in reliance on the defendant's fraudulent conduct. *Id.* at 507.

As stated above, Kakkanathu provides no evidence of misconduct by Rohn. Accordingly, application of equitable estoppel in this case is inappropriate.

Because Kakkanathu filed this suit after the thirty-day limitations period established by § 108 of the Bankruptcy Code, and the Court finds no grounds to grant equitable relief to extend that period, the Court grants summary judgment in favor of Rohn on the claims under Title VII and the ADEA.

II. Claim under 42 U.S.C. § 1981

A. Statute of Limitations

Kakkanathu argues that Rohn does not have a statute of limitations affirmative defense to the § 1981 claim, and Rohn does not appear to challenge this argument.

Although Title VII and § 1981 have the same liability standards, the remedies are not identical. *Walker v. Abbott Lab.*, 340 F.3d 471, 474 (7th Cir. 2003). Unlike a Title VII claim, a § 1981 claim does not require a filing of an EEOC charge prior to bringing an action in federal court. *Id.* Additionally, § 1981 claims are subject to a four-year statute of limitations. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 381-82, 124 S. Ct. 1836 (2004).

Kakkanathu was terminated from his position in March 2002. His Complaint was filed on November 2, 2005, within four years of the termination. Therefore, Kakkanathu's § 1981 claim is not barred by the statute of limitations.

B. Liability

42 U.S.C. § 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). Because § 1981 and Title VII have the same liability standards, this claim is analyzed under a Title VII framework. *See Walker*, 340 F.3d at 474. Under that standard, the plaintiff must establish that he was the victim of intentional discrimination. *Mojica v. Gannett Co.*, 7 F.3d 552, 561 (7th Cir. 1993).

Considering the parties' briefs and oral arguments, and resolving all doubts in favor of the non-moving party, the Court finds that there are genuine issues of material fact on the issue of pretext. However, the Court expresses no opinion on whether Kakkanathu ultimately may prove all elements of his discrimination claim at trial. Accordingly, the Court finds it inappropriate to grant summary judgment on this claim.

## CONCLUSION

For the reasons set forth herein, the Motion for Summary Judgment [#21] is GRANTED IN PART AND DENIED IN PART.

ENTERED this 7th day of March, 2008.

/s/ Michael M. Mihm  
Michael M. Mihm  
United States District Judge