UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

XAVIER KAKKANATHU,  )
                    )
      Plaintiff,    )
                    )
v.                  )   Case No. 05-1337
                    )
ROHN INDUSTRIES, INC. )
                    )
      Defendant.    )

**ORDER**

Before the Court are Plaintiff Xavier Kakkanathu's ("Kakkanathu") Motions in Limine and Defendant Rohn Industries, Inc.'s ("Rohn") Motions in Limine. For purposes of this Order, the Court assumes familiarity with the underlying facts of this employment discrimination case and will not repeat them here. The parties submitted their Motions after the final pre-trial conference, where they submitted a Statement of Uncontested Facts and their proposed Jury Instructions. Each motion will be addressed in turn.

**Kakkanathu's Motions in Limine**

Prior to ruling on these Motions, the Court thinks it prudent to clarify the distinction between a denial of an allegation, which leaves the burden of proof with a plaintiff and an affirmative defense, which must be affirmatively pled by a defendant. In the Complaint, Kakkanathu alleges, in part: "As a direct and proximate result of the discriminatory treatment above, Kakkanathu, has suffered damages. . ." Rohn responded: "The Defendant denies the averments of [that] paragraph." The Court

construes Rohn's response to be a denial of an allegation and therefore, it is Kakkanathu's burden to prove he suffered damages at trial. Evidence that supports or discredits Kakkanathu's assertion that he suffered damages is relevant at trial.

Rohn submitted a Proposed Jury Instruction regarding Mitigation of Damages. The Instruction reads, in part:

> "In determining the amount of damages, if any, the Plaintiff is entitled to recover, the law provides that the Plaintiff must make every reasonable effort to minimize or reduce his/her damages for loss of compensation by seeking employment. This is called mitigation of damages. However, it is the Defendant's burden to prove by a preponderance of the evidence that the Plaintiff failed to mitigate his damages."

Rohn contends that this jury instruction supports its position that Kakkanathu has suffered no damages. The Court finds the defense of "no damages" is distinct from the affirmative defense of "failure to mitigate damages." Failure to mitigate is an affirmative defense. *Sheehan v. Donlen Corp.* 173 F.3d 1039, 1048-1049 (7th Cir. 1999). The employer bears the burden of persuasion and must show that the plaintiff was not reasonably diligent in seeking other employment and that there was a reasonable chance that plaintiff might have found a comparable position. *Id.* at 1049. Therefore, the Court must address whether Rohn is permitted to argue Kakkanathu failed to mitigate his damages, even though it never pled this affirmative defense.

In responding to a pleading, a defendant must "affirmatively state any avoidance or affirmative defense" in its Answer to the Complaint. Fed. R. Civ. P. 8(c). Generally, failure to plead a defense results in its waiver. *Pinto Trucking Serv., Inc. v. Motor Dispatch, Inc.*, 649 F.2d 530, 534 (7th Cir. 1981); *see also Johnson v. Sullivan*, 922

F.2d 346, 355 (7th Cir. 1990) (holding that failure to raise the statute of limitations defense in answer constituted waiver).

However, the Seventh Circuit also stated that "delay in asserting an affirmative defense waives the defense only if the plaintiff was harmed as a result." *Curtis v. Timberlake*, 436 F.3d 709, 711 (7th Cir. 2005). In *Curtis*, the Court of Appeals affirmed the district court's permitting the affirmative defense to be raised for the first time at summary judgment. *Id.* "[W]here the plaintiff has an opportunity to respond to a late affirmative defense, he cannot establish prejudice merely by showing that the case has progressed significantly since the defendants answered his complaint." *Williams v. Lampe*, 399 F.3d 867, 871 (7th Cir. 2005).

After a careful review of the pleadings, the deposition transcripts before it, and Rohn's expert report, the Court concludes that Rohn did not waive its failure to mitigate damages defense. Specifically, Rohn put Kakkanathu on notice during his deposition when it asked him questions about his job searches and when it disclosed its expert report that opined that, in light of the market labor trends, Kakkanathu should have found alternative employment. The Court will reserve judgment as to whether to give the proposed jury instruction regarding mitigation of damages until after the close of evidence at trial.

Therefore, because Rohn will be allowed to offer evidence in support of its affirmative defense that Kakkanathu failed to mitigate his damages, the Court rules as follows:

**First Motion in Limine by Plaintiff Xavier Kakkanathu (#38)**

Kakkanathu moves to exclude Rohn's expert testimony and report, arguing that neither is relevant nor reliable. Rhon's expert, Anthony R. Wheeler, concluded in his report: "[Kakkanathu]'s inability to find fulltime employment in Central Illinois is not a function of the prevailing labor market between May 2006 to the present time. [Kakkanathu]'s terminal unemployment likely results from [his] selectivity during job search. Moreover, [Kakkanathu]'s continuously failed job search in and of itself further decreases the likelihood of a successful job search in the future."

First, Kakkanathu argues the expert opinion should be barred because the expert's conclusions relate to an irrelevant time period. Kakkanathu received notice of his termination in January 2002, effective March 2002. Kakkanathu testified that he stopped looking for employment in May 2006, when he became sixty-five years old and eligible for Social Security benefits. Kakkanathu argues that because he was not looking for employment in May 2006, the expert opinion that relies on the labor market in Central Illinois between May 2006 and the present is not relevant. In a footnote in its Response Brief, Rohn states that Wheeler's analysis "clearly covers the period 2002 through 2006." After reviewing the Expert Report, it becomes clear that most of the data that Wheeler discusses dates from 2002 through 2006, which is the time period in question.

In addition, Kakkanathu argues that the expert testimony and report is not relevant because the testimony and report only address a failure to mitigate damages, which was not affirmatively pled in Rohn's Answer nor at any other time. After reviewing the expert report, the Court concludes the expert testimony and report would

be used by Rohn to demonstrate that Kakkanathu failed to mitigate his damages by opining that Kakkanathu should have been able to find other employment based on labor market trends. As discussed above, the Court finds that Rohn sufficiently put Kakkanathu on notice of this affirmative defense. Therefore, because the expert report supports Rohn's affirmative defense, the Court finds this report and testimony relevant.

Kakkanathu further argues the expert opinion should be barred because the expert's conclusions are not reliable. The Court's role in determining the admissibility of expert testimony is that of a gatekeeper. *General Electric Co. v. Joiner,* 522 U.S. 136, 118 S.Ct. 512, 517 (1997); *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993). In performing this role, the Court must determine whether the expert testimony in question meets two essential requirements: (1) it must be based on scientific, technical, or other specialized knowledge and (2) it must assist the trier of fact in understanding the evidence or determining a fact in issue. *Daubert,* 509 U.S. at 592; Fed.R.Evid. 702.

In *Smith v. Ford Motor Company*, 215 F.3d 713, 719 (7th Cir. 2000), the Seventh Circuit stated:

> In analyzing the reliability of proposed expert testimony, the role of the court is to determine whether the expert is qualified in the relevant field and to examine the methodology the expert has used in reaching [her] conclusions....

A court's reliability analysis does not end with its conclusion that an expert is qualified to testify about a given matter. Even "[a] supremely qualified expert cannot waltz into the courtroom and render opinions unless those opinions are based upon some scientific method." *Clark v. Takata Corp.*, 192 F.3d 750, 759 n.5 (7th Cir.1999). The court's

gatekeeping function focuses on an examination of the expert's methodology; the soundness of the factual underpinnings of the expert's analysis and the correctness of the expert's conclusions based on that analysis are factual matters to be determined by the trier of fact. See *Daubert*, 509 U.S. at 595.

The Court has reviewed Wheeler's qualifications and his report. Kakkanathu does not dispute the Wheeler's qualifications and the Court finds Wheeler to be qualified to testify as an expert. However, the Court will reserve ruling on this Motion until it holds a hearing to determine whether Wheeler's opinion is reliable and whether his testimony could aid the factfinder in understanding the evidence or determining a fact in issue.

For the reasons discussed above, the Court RESERVES RULING on Kakkanathu's First Motion in Limine (#38).

**Second Motion in Limine by Plaintiff Xavier Kakkanathu (#40)**

In its second motion, Kakkanathu moves to exclude his tax records or any argument concerning his motive to find alternative work as a consequence of his wife's income (roughly $350,000 per year), arguing that it is not relevant and that it is prejudicial.

Rohn objects to this Motion and cites to the fact that Kakkanathu listed his occupation as "retired" on his tax returns beginning in 2003 as evidence that Kakkanathu retired following his termination and thus, suffered no damages. The Court finds the fact that Kakkanathu indicated he was retired relevant to support Rohn's theory that Kakkanathu suffered no damages.

The next issue to address is whether Kakkanathu's wife's income is relevant. The Court will reserve ruling on this part of the Motion until it holds a hearing to determine whether Kakkanathu's wife's income is relevant and, if relevant, whether the probative value of the evidence is substantially outweighed by unfair prejudice.

Therefore, the Court DENIES IN PART Kakkanathu's Motion Second Motion in Limine (#40) and will allow a portion of his tax returns beginning in 2003 into evidence to show he indicated he was retired but RESERVES RULING on whether Kakkanathu's wife's income is admissible.

**Third Motion in Limine by Plaintiff Xavier Kakkanathu (#41)**

Kakkanathu moves to bar Rohn from asserting a failure to mitigate defense. For the reasons mentioned above, the Court DENIES Kakkanathu's Third Motion in Limine (#41).

**Rohn's Motions in Limine**

**First Motion in Limine by Defendant Rohn Industries (#35)**

Rohn moves the Court to enter an order terminating Rohn's liability for any back pay damages as of December 19, 2003, arguing that on this date, all of its remaining employees were terminated following the company's filing for bankruptcy. Kakkanathu objects to this Motion, arguing that "the evidence is virtually overwhelming that [he] would have been hired by Radian if he had not been terminated by Rohn."

At this time, the Court makes no judgment as to whether Kakkanathu will be able to prove that he would likely have been employed as an engineer by Radian in September of 2003, following the bankruptcy of Rohn, but for his alleged wrongful termination. Indeed, whether Kakkanathu can prove this allegation is one of the

contested issues of fact in the Pre-Trial Order. After reviewing the relevant deposition transcripts, the Court concludes that there remains an issue of fact as to whether Kakkanathu can prove this allegation. As such, both parties are permitted to offer evidence supporting or discrediting this allegation and the jury will resolve this matter.

Therefore, the Court DENIES Rohn's First Motion in Limine (#35).

**Second Motion in Limine by Defendant Rohn Industries (#33)**

Rohn next moves to bar Kakkanathu from introducing testimony or evidence regarding alleged possible unlawful animus of co-workers not involved in the decision to remove him from the engineering department or to terminate his employment. Rohn cites to the *Schreiner* decision that held "[s]tray workplace comments unrelated to the alleged discriminatory employment decision are not sufficient to support an inference of discrimination." 250, F.3d 1096, 1099 (7th Cir. 2001). Kakkanathu opposes this Motion, citing *Sprint/United Mgmt. v. Mendelsohn,* where the U.S. Supreme Court concluded that testimony by nonparties alleging discrimination at the hands of supervisors of the defendant company who played no role in the adverse employment decision challenged by the plaintiff is neither *per se* admissible nor *per se* inadmissible. 128 S.Ct. 1140, 1143 (2008).

Kakkanathu states in his affidavit that he complained to David Brinker, the head of the Rohn Engineering Department, about the racial comments directed towards him by Rohn employees. As the facts are presently known to the Court, the comments made by Rohn employees are inadmissible because they were not made by the person who made the adverse employment decision. As Kakkanathu has not alleged a hostile work environment, these comments will not be admitted to prove discriminatory animus

absent Kakkanathu connecting these comments to Brinker's termination decision. Thus, while stray comments unrelated to the alleged discriminatory employment decision are not relevant, if Kakkanathu can show a causal link between the comments and the termination, the Court will permit the introduction of these comments. The Court directs Kakkanathu to present this causal evidence, if it exists, to the Court's attention outside the presence of the jury.

Therefore, the Court RESERVES ruling on Rohn's Second Motion in Limine (#33).

**Third Motion in Limine by Defendant Rohn Industries (#37)**

Rohn moves the Court to enter an order precluding an imposition of punitive damages. To supports its Motion, Rohn argues that punitive damages are meant to deter wrongful conduct and, since Rohn is a bankrupt company and "is no more," no award of punitive damages can serve to punish it. The Court finds this argument unpersuasive.

Kakkanathu's discrimination claim permits recovery of punitive damages. The Bankruptcy Code permits recovery by creditors of punitive damages assessed against debtors. In its objection to this Motion, Kakkanathu argues that punitive damages serve to both punish the wrongdoer and deter wrongful conduct of others. While the Court reserves judgment as to whether Kakkanathu can prove, as a matter of law, that punitive damages are warranted, it will not deny Kakkanathu the opportunity to seek punitive damages.

Therefore, the Court DENIES Rohn's Third Motion in Limine (#37).

## CONCLUSION

For the reasons set forth above, the Court RESERVES RULING on Kakkanathu's First Motion in Limine (#38), DENIES IN PART and RESERVES RULING IN PART on Kakkanathu's Second Motion in Limine (#40), and DENIES Kakkanathu's Third Motion in Limine (#41).  In addition, the Court DENIES Rohn's First Motion in Limine (#35), RESERVES ruling on Rohn's Second Motion in Limine (#33), and DENIES Rohn's Third Motion in Limine (#37).

The Court will conduct a hearing on September 23, 2008 at 10:00 AM to determine the admissibility of Rohn's expert's opinion (*Daubert* issue) and to determine whether evidence of Kakkanathu's wife's income will be admissible.

ENTERED this 16th day of September, 2008.

 s/ Michael M. Mihm
Michael M. Mihm
United States District Judge