UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

XAVIER KAKKANATHU,              )
                                )
        Plaintiff,              )
                                )
        v.                      )   Case No. 05-1337
                                )
ROHN INDUSTRIES, INC.           )
                                )
        Defendant.              )

### ORDER

Before the Court is Defendant, Rohn Industries, Inc.'s ("Rohn") Motion to strike the portions of the substitute final pretrial order filed October 31, 2008, that purports to include a hostile work environment claim as a legal and factual issue in this suit [#57].

### Background

On November 2, 2005, Kakkanathu filed a two-count complaint against Rohn. Count I alleged that Kakkanathu was terminated because of his age, in violation of the Age Discrimination in Employment Act. Count II alleged that Kakkanathu was terminated because of his race and national origin in violation of Title VII and § 1981. Kakkanathu did not include a claim based on a hostile work environment. Kakkanathu states that he disclosed the claim in his Complaint. However, after review of the Complaint, the Court finds this statement to be disingenuous.

In the Complaint's general allegations, Kakkanathu states: "On multiple occasions and as late as November of 2001, Kakkanathu was ridiculed by supervisors

and workplace colleagues who referred to him with discriminating, degrading and humiliating descriptions and comments, including but not limited to "Camel Jockey." Kakkanathu alleges two theories of liability (age discrimination and race and national origin discrimination) but does not include a hostile work environment as a theory of recovery.  Further, under the Complaint's "Relief Sought", Kakkanathu seeks to be "awarded appropriate damages to compensate him for any and all back pay and all other benefits, and/or other appropriate relief to which he is entitled by virtue of Rohn's violations."  The Court does not find that Kakkanathu's Complaint put Rohn on notice of a hostile work environment claim.  In addition, the Court does not find the EEOC Charge of Discrimination sufficient to put Rohn on notice of a hostile work environment claim.

The Court has dismissed Kakkanathu's Title VII claims and his ADEA claims. Therefore, his only remaining claim is his § 1981 claim.

On June 19, 2008, the Court held a final pre-trial conference.  The parties submitted their proposed final pretrial order to the Court at that conference.  The tendered final pretrial order contained two contested issues of fact: one related to Kakkanathu's ability to obtain post-termination employment and the other which questioned "[w]hether the termination of employment of the Plaintiff…was motivated in whole or in part by Plaintiff's race or national origin."

On August 8, 2008, Rohn filed their motions *in limine*, moving, among other things, to bar Kakkanathu from introducing testimony or evidence regarding comments, such as "Camel Jockey" and "Indian", allegedly made by co-workers not involved in the decision to remove him from the engineering department or to terminate his employment [#33].  Rohn cited to authority that held "[s]tray workplace comments

unrelated to the alleged discriminatory employment decision are not sufficient to support an inference of discrimination." *Schreiner v. Caterpillar Inc.,* 250 F.3d 1096, 1099 (7th Cir. 2001). Kakkanathu argued that, because David Brinker, the decision-maker and head of the Rohn Engineering Department, knew about these comments, that they were therefore "relevant to the issues of intent and pretext in a discrimination claim."

On September 16, 2008, the Court issued an Order, finding that the facts presently known to the Court made the comments by Rohn employees inadmissible because they were not made by the person who made, or had input into, the adverse employment decision. The Court noted in this Order that Kakkanathu did not allege a hostile work environment and, therefore, these comments could not be admitted to prove discriminatory animus absent Kakkanathu connecting these comments to Brinker's termination decision. On September 30, 2008, the Court issued a Text Order that granted the motion in limine [#33], and stated that Kakkanathu was barred from introducing any testimony or other evidence regarding alleged possible unlawful animus of co-workers unless he can show a causal link between the comments and his termination.

On October 31, 2008, almost three years after the Complaint was filed, Kakkanathu filed an amended final pretrial order. In this amended final pretrial order, Kakkanathu listed as an additional contested issue of fact, "Whether the Plaintiff, Xavier Kakkanathu, was subjected to a hostile work environment on the basis of his race or national origin."

On December 8, 2008, Rohn filed its Motion to strike the portions of the substitute final pretrial order that purported to include hostile work environment as a

legal and factual issue in this suit, and argued that Kakkanathu has never alleged, formerly or informally, that this is a hostile work environment case. To support its Motion, Rohn referenced the facts that (1) Kakkanathu never referenced a hostile work environment theory in the June final pretrial order; (2) failed to advance this theory during dispositive and other motion practice; and (3) that Kakkanathus' Complaint does not include this theory. Rohn further states that adding this new claim is not justified and would be inequitable.

On December 29, 2008, Kakkanathu filed his Response. In this Response, Kakkanathu states that "[i]mmediately upon the Court's ruling on [the motions *in limine*] and prompted by the Court's statement that Plaintiff 'has not alleged a hostile work environment claim', Plaintiff's counsel realized that they had mistakenly omitted from the draft pre-trial order and from argumentation on one particular motion *in limine* that he <u>does</u> have a harassment claim." Kakkanathu asserts the October 31, 2008, final pretrial order modification is proper because (1) Rohn was aware of this claim throughout the case; (2) the June final pretrial order was not entered, and therefore, no amendment is required; and (3) if the June final pretrial order is binding, that an amendment should be allowed to prevent a manifest injustice. The Court notes that at no time has Kakkanathu ever move to amend his Complaint to add a hostile work environment count.

**Discussion**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. In addition, Rule 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should

freely give leave when justice requires." Finally, Rule 16(e) provides that a final pretrial order controls the course of the action and may be modified only to prevent manifest injustice. The Local Rules for the Central District of Illinois state: "Any issue not contained in the final pretrial order will not be tried." C.D. Ill. Civ. R. 16.1(F)(9).

In light of these Rules, the issues before the Court are whether justice requires the Court to grant Kakkanathu leave to amend his Complaint, or, in the alternative, whether, in order to prevent manifest injustice, the final pretrial order should be modified to add a hostile work environment claim.

In order to prevail on a hostile work environment claim based on national origin, a plaintiff must establish that: "(1) he was subjected to unwelcome harassment, (2) the harassment was based on his [national origin], (3) the harassment was severe and pervasive enough to alter the conditions of his environment and create a hostile and abusive working environment, and (4) there is a basis for employer liability." *Velez v. City of Chicago*, 442 F.3d 1043, 1047 (7th Cir. 2006). Therefore, in order to prevail, the fact finder would have to ascertain that the conditions of Kakkanathu's employment were so severe or pervasive that it altered his employment.

Kakkanathu asserts in his Response, without citation to authority, that racial "harassment" and "hostile work environment" claims are synonymous.[1] Kakkanathu states that he put Rohn on notice of this claim when he pled in his Complaint (1) that he was ridiculed by supervisors and workplace colleagues who called him terms like "Camel Jockey"; (2) that he was excluded from business meetings; and (3) that he was denied workplace training. However, prior to the tendering of the October 31, 2008,

---

[1] The Court was unable to find authority to support this proposition.

final pretrial order, Kakkanathu alleged that these alleged racial comments and actions were related to his wrongful termination, i.e. that the comments were directed at establishing that his termination was based on race or national origin.[2] In responding to this motion *in limine*, Kakkanathu never alleged that these comments supported a claim for a hostile work environment, which would be an entirely different claim.

At this stage of litigation (roughly three years after commencement of suit and one month prior to trial), the Court finds that allowing Kakkanathu to add a claim for a hostile work environment would be inequitable to Rohn. Rohn did not have the opportunity to conduct discovery with respect to this claim and did not have the opportunity to challenge such a claim at the summary judgment stage. Likewise, the Court finds that manifest injustice does not require a modification of the final pretrial order, because Kakkanathu never included a hostile work environment claim in his Complaint, he failed to advance this theory during dispositive and other motion practice, and he never specifically referenced a hostile work environment theory until nearly three years after filing his Complaint.

---

[2] Kakkanathu stated in his Response to Rohn's motion *in limine* [#33] that these comments were "probative of a work environment/ corporate culture and was relevant to the issues of intent and pretext in a discrimination claim. Proof of a general atmosphere of discrimination 'may be one indication that the reasons given for the employment action at issue were 'implicitly influenced' by the fact that the plaintiff was of a given . . . [race]'" (internal citations omitted).

## CONCLUSION

For the reasons set forth above, the Court GRANTS Rohn's Motion to Strike [#57]. Kakkanathu is not permitted to pursue a hostile work environment claim in this action.

ENTERED this 9th day of February, 2009.

/s Michael M. Mihm
Michael M. Mihm
United States District Judge